O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK H. ODLE, an individual and as Trustees of the Frederick and Cynthia Odle 2013 Trust, Cynthia I. Odle, an individual and Trustees of the Frederick and Cynthia Odle 2013 Trust,<br><br>    Plaintiff,<br><br>    v.<br><br>MGC MORTGAGE INC.,<br><br>    Defendants. | Case No. CV 15-05019 DDP (JCx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>Dkt Nos. 8, 10 |

   Presently before the court is Defendants MGC Mortgage, Inc. ("MGC") and LLP Mortgage, Ltd., Lp ("LLP")'s Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion and adopts the following Order.

**I.  Background**

   In 2005, Plaintiffs obtained a $560,000 refinance mortgage loan, secured by a Deed of Trust. (Complaint ¶ 12.) At some later time, Plaintiffs requested a loan modification from loan servicer

MGC. (Id. ¶ 16.) Plaintiffs submitted a complete loan modification application by November 2014. (Id. ¶ 18.) Plaintiffs have since "fallen behind on their monthly mortgage payments." (Id. 22.)

Plaintiffs allege nine causes of action, including violation of California Civil Code §§ 2923.7 and 2924.10, breach of contract and the implied covenant of good faith and fair dealing, negligence and negligent misrepresentation, promissory estoppel, and unfair business practices.[1] Plaintiffs allege that Defendants violated California Civil Code § 2923.7 by failing to update Plaintiffs about the status of their modification application and by providing "multiple and divergent points of contact." (Compl. ¶ 32.) The Complaint alleges that Defendants violated California Civil Code § 2924.10 by failing to provide written acknowledgment of receipt of Plaintiffs' documents. (Id. ¶ 37.) Plaintiffs further alleges that Defendants breached the terms of the promissory note and deed by failing to "modify the loan if the law interpreted that the interest or other charges exceeds the permitted limits [on variable rate loans]." (Id. ¶¶ 44, 47.) Plaintiffs' negligence and promissory estoppel claims are premised upon allegations that MGC represented that it would "assist [Plaintiffs] to avoid foreclosure," and that Defendants then failed to review Plaintiffs' modification application. (Id. ¶ 63-64.) Defendants now move to dismiss the Complaint.

**II. Legal Standard**

---

[1] Plaintiffs also allege a cause of action for cancellation of instruments, but do not oppose dismissal of that claim.

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

A.   California Civil Code § 2923.7

California Civil Code § 2923.7 requires mortgage services to establish a "single point of contact" ("SPOC") for borrowers who request a "foreclosure prevention alternative," such as a loan modification. Cal. Civil Code § 2923.7(a). That point of contact can be a "team of personnel." Cal. Civil Code § 2923.7(e). The SPOC must communicate with the borrower about the application process, deadlines, missing documents, and the current status of the foreclosure alternative. Cal. Civil Code § 2923.7(b).

Plaintiffs have adequately alleged that MGC did not update them about the status of their loan modification application, and that no member of the SPOC team could give them a clear answer regarding their inquiries. However, California Civil Code § 2924.12(c) provides that a "mortgage servicer . . . shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale . . . ." " Cal. Civil Code § 2924.12(c). Here, the Complaint does not allege that any foreclosure activity has taken place, let alone the recording of a trustee's deed upon sale. Nor have Plaintiffs disputed Defendants' representation to the court that no foreclosure activity, including the recording of a notice of default, has occurred. Indeed, Plaintiffs do not address Defendants' arguments in this regard. Plaintiff's California Civil Code § 2923.7 claim is therefore dismissed. See Ellis v. Bank of America, N.A., No. CV 13-5257 CAS, 2013 WL 5935412 *4 (C.D. Cal. Oct. 28, 2013).

B.   Cal. Civil Code § 2924.10

The same logic applies to Plaintiffs' claim under California Civil Code § 2924.10. That statute requires mortgage servicers to

4

1  provide written acknowledgment of a borrow's modification
2  application, as well as other information related to the
3  modification application process.  Cal. Civil Code § 2924.10(a).
4  Plaintiffs allege that they submitted a complete loan application,
5  and that an MGC representative confirmed on the phone that the
6  application was complete.  Once again, however, Plaintiff fails to
7  address California Civil Code § 2924.12(c).  Absent any foreclosure
8  activity, Plaintiffs' California Civil Code § 2924.10 claim is
9  dismissed.

   C.  Breach of Contract and Implied Covenant

   The elements of a breach of contract claim are (1) the existence of a contract, (2) performance or excuse for nonperformance, (3) defendant's breach, and (4) damages. Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011); See also Rockridge Trust v. Wells Fargo, N.A., 985 F.Supp.2d 1110, 1141 (N.D. Cal. 2013). Defendants argue that Plaintiffs have failed to allege all four of the required elements.  The court agrees.

   Although Plaintiffs' references to the "legal effect" of the contract are not clear in this context, it appears Plaintiffs refer to the note and deed as the contract in question.  (Opposition at 12; Compl. ¶ 43.)  MGC, however, as servicer, was not a party to the note or deed.  Nor is LLP's alleged breach clear to the court. Plaintiffs refer to "some agreement that Plaintiffs would receive a good faith loan modification review" and assert that Defendants "breached provisions within the note and deed of trust, in following applicable law & statute and simple common courtesy by misleading Plaintiffs into thinking they would be reviewed in good faith." (Opp. at 12.)  At the same time, however, Plaintiffs

5

1 acknowledge that Defendants had no obligation to issue a loan
2 modification.  (Opp. at 3.)  They do not, however, allege any other
3 breach of a contractual provision.[2]  Nor have Plaintiffs adequately
4
5 identified any excuse for nonperformance, alleging vaguely and
6 conclusorily that "LPP and/or MGC's conduct prevented [Plaintiffs]
7 from performing their obligation to the loan contract, thus they
8 are excused from their own breach."  (Compl. ¶ 49.)  Lastly, and
9 given the lack of any alleged breach, it is not apparent to the
10 court how Plaintiffs were damaged.  For these reasons, Plaintiffs'
11 Fourth and Fifth causes of action are dismissed.

    D.   Negligence and Negligent Misrepresentation

    The elements of a negligence claim are: (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages.  <u>Merrill v. Navegar, Inc.</u>, 26 Cal.4th 465, 500 (2001).  The "existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence."  <u>Nymark v. Heart Fed. Savings & Loan Assn.</u>, 231 Cal.App.3d 1089, 1095 (1991).  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  <u>Nymark</u>, 231 Cal. App. 3d at 1096.

    Some courts have applied this logic to circumstances where a loan servicer offers to modify a borrowers loan, reasoning that the

---

[2] Contrary to Plaintiffs' admission here, the Complaint <u>does</u> allege that both MGC and LPP had an obligation to modify the loan. (Compl. ¶ 47.)

6

servicer's "involvement in the loan transaction does not exceed the scope of its conventional role as a lender of money." Deschaine v. IndyMac Mortg. Servs., 2014 U.S. Dist. LEXIS 8541, at *17 (E.D. Cal. Jan. 22, 2014) (internal quotation marks omitted); see also Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991).  The Nymark rule, however, is not absolute, particularly in the loan modification context.  California courts employ a six factor test to determine whether a financial institution owes a duty of care to a borrower, and look to "[1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." Nymark, 231 Cal. App. 3d at 1098 (citing Biakanja v. Irving, 49 Ca.2d 647 (1958)).

California courts are currently divided as to the question whether lenders owe borrowers a duty of care in processing a loan modification.  One court has held that lenders have a duty of care to reasonably process a loan modification application where it is foreseeable that failure to do so will result in significant harm to the borrower.  Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal.App.4th 941, 948 (2014) (holding that lenders have a "duty to use reasonable care in the processing of a loan modification."). However, other courts have concluded that lenders do not owe a duty of care when considering a residential loan modification. Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 68 (2013) (holding that the defendant banks "did not have a common law duty

7

of care to offer, consider, or approve a loan modification, or to offer [the plaintiff] alternatives to foreclosure.")  District courts in California have also reached different conclusions regarding this issue.  See, e.g., Griffin v. Green Tree Servicing, LLC, No. CV 14-09408 MMM, 2015 WL 10059081 at *14 (C.D. Cal. Oct. 1, 2015) (noting split and concluding no duty exists); see also Robinson v. Bank of Am., No. 12-CV-494-RMW, 2012 WL 1932842, at *7 (N.D. Cal. May 29, 2012); Ansanelli v. JP Morgan Chase Bank, N.A., No C 10-3892 WHA, 2011 WL 1134451, at *7 (N.D. Cal. Mar. 28, 2011); Watkinson v. MortgageIT, Inc., No. 10-CV-327-IEG, 2010 WL 2196083 (S.D. Cal. June 1, 2010); Garcia v. Ocwen Loan Servicing, LLC , No. C 10-290 PVT, 2010 WL 1881098, at *1-3. (N.D. Cal. May 10, 2010).

    Here, Plaintiffs identify the Biankaja factors, but do not specifically discuss how the facts of this case apply.  Although the balance of factors is somewhat close, the court concludes that there was no duty of care here.  A loan modification may have affected Plaintiffs insofar as it determined whether they would be able to keep their home or what other efforts they undertook to retain possession.  The potential harm to Plaintiff, namely default and foreclosure, from the failure to review Plaintiffs' application was foreseeable.  As discussed above, however, it is unclear whether Plaintiffs have been injured, as no foreclosure activity has taken place.  Plaintiffs' allegations are not sufficiently detailed for the court to make a determination as to the fifth, moral blame factor, although the court notes that, in light of the lack of any foreclosure activity, there does not appear to have been any kind of dual tracking here.  But see Alvarez, 228 Cal. App. 4th at 949 ("The borrower's lack of bargaining power coupled

with conflicts of interest that exist in the modern loan servicing industry provide a moral imperative that those with the controlling hand be required to exercise reasonable care in their dealings with borrowers seeking a loan modification.") Imposition of a duty under these circumstances would do little to prevent future harm, as no harm appears to have occurred.

Under the circumstances here, Defendants did not have a duty to Plaintiffs. The Sixth and Seventh causes of action are dismissed.

E. Promissory Estoppel

The elements of promissory estoppel claim are: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." Advanced Choices, Inc. v. Dep't of Health Servs., 182 Cal. App. 4th 1661, 1672 (2010). Defendants contend that Plaintiffs have not sufficiently identified what the promise at issue was, or who made it. (Motion at 16.) As to the substance of the promise, the court disagrees. The Complaint sufficiently alleges that Defendants promised that the loan modification application was being reviewed on the merits, that Defendants expressly represented that they would engage in negotiations for the purpose of modifying the loan, and that such negotiations would prevent foreclosure. (Compl. ¶¶ 84, 87.) The court agrees, however, that the Complaint is unclear as to who made these promises to Plaintiffs. Although it would appear that Plaintiffs only interacted with MGC representatives, the promissory estoppel cause of action is alleged against both MGC and LLP, and

9

refers to Defendants in the plural.  For this reason, the Eighth Cause of Action is dismissed.

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.[3]  Plaintiffs' Complaint is DISMISSED, with leave to amend.[4]  Any amended complaint shall be filed within fourteen days of the date of this Order.  Plaintiffs' Motion to Remand (Dkt.10) is DENIED.[5]

IT IS SO ORDERED.

Dated: May 16, 2016

DEAN D. PREGERSON
United States District Judge

---

[3] Having dismissed all other causes of action, the court also dismisses Plaintiffs' derivative unfair business practices claim.

[4] The court's grant of leave to amend should not be read to suggest that any cause of action will or will not be viable upon amendment.  Plaintiffs are advised to take care that any amended cause of action address the deficiencies described in this Order.

[5] Plaintiffs fail to address the argument that they seek to enjoin any future foreclosure activity.  When a plaintiff attempts to enjoin a defendant from exercising a right to foreclose, which in effect prevents the defendant from recouping any losses caused by the plaintiff's failure to make payments, the amount in controversy may be measured by the value of the property. See, e.g., Zepeda v. U.S. Bank, N.A., No. SACV 11-0909 DOC, 2011 WL 4351801 *3-4 (C.D. Cal. Sept. 16, 2011).