O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FREDERICK H. ODLE, an
individual and as Trustees
of the Frederick and Cynthia
Odle 2013 Trust, Cynthia I.
Odle, an individual and
Trustees of the Frederick
and Cynthia Odle 2013 Trust,

                    Plaintiff,

        v.

MGC MORTGAGE INC.,

                    Defendants.
_____

Case No. CV 15-05019 DDP (JCx)

**ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS**

[Dkt. 30]

     Presently before the Court is a Motion to Dismiss filed by
Defendants MGC Mortgage, Inc. ("MGC") and LLP Mortgage, Ltd. LP
("LLP"). Having considered the submissions of the parties, the
court grants the motion and adopts the following Order.

**I.   Background**

     In 2007, Plaintiffs obtained a $560,000 refinance mortgage
loan, secured by a Deed of Trust, from BrooksAmerica Mortgage
Corporation ("Brooks"). (First Amended Complaint ("FAC") ¶ 12.)

1   At some point, Defendant MGC Mortgage, Inc. ("MGC") became the

2   mortgage loan servicer. (Id. ¶ 14.)  On or about May 3, 2016,

3   submitted a loan modification application to MGC. (Id. ¶ 17.)

4   Plaintiffs allege that they requested, but were not assigned, a

5   single point of contact. (Id. ¶ 27.)  Plaintiffs also allege that

6   they did not receive a written acknowledgment of their application

7   within five business days of submitting it to MGC. (Id. ¶¶ 33-34.)

8   At some unspecified time, MGC denied Plaintiffs a loan

9   modification. (Id. ¶ 46.)

10       Plaintiffs' original Complaint was dismissed with leave to

11  amend. (Dkt. No. 26, Order Granting Defendants' Motion to Dismiss

12  "Order") at 10.) Plaintiffs then filed their FAC alleging four

13  causes of action: (1) violation of California Civil Code section

14  2923.7, (2) violation of California Civil Code section 2924.10,(3)

15  negligence, and (4) violation of California Business and

16  Professions Code section 17200.  Defendants now move to dismiss the

17  FAC.

18  **II.  Legal Standard**

19       A complaint will survive a motion to dismiss when it contains

20  "sufficient factual matter, accepted as true, to state a claim to

21  relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

22  662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

23  570 (2007)). When considering a Rule 12(b)(6) motion, a court must

24  "accept as true all allegations of material fact and must construe

25  those facts in the light most favorable to the plaintiff." Resnick

26  v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint

27  need not include "detailed factual allegations," it must offer

28  "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." <u>Iqbal</u>, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id.</u> at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Id.</u> at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id.</u> at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.[1]

Although Rule 15 requires courts to "freely give leave when justice so requires," Fed. R. Civ. P. 15, the Supreme Court has held that "the grant or denial of an opportunity to amend is within the discretion of the District Court." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). One justified reason for denying leave to amend is the "repeated failure to cure deficiencies by amendments previously allowed." <u>Id.</u>

**III. DISCUSSION**

---

[1] Plaintiffs' discussion of the relevant standard does not cite or discuss either <u>Iqbal</u> or <u>Twombly</u>, or any subsequent authority.

A.   California Civil Code § 2923.7

As explained in this Court's prior Order, California Civil Code section 2923.7 requires mortgage servicers to establish a "single point of contact" ("SPOC") for borrowers who request a "foreclosure prevention alternative," such as a loan modification. Cal. Civil Code § 2923.7(a).  The SPOC must communicate with the borrower about the application process, deadlines, missing documents, and the current status of the foreclosure alternative. Cal. Civil Code § 2923.7(b).  However, California Civil Code § 2924.12(c) provides that a "mortgage servicer . . . shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale . . . ." "  Cal. Civil Code § 2924.12(c).

As they did in their original Complaint, Plaintiffs allege that they requested an SPOC and that Defendants did not provide one. (FAC ¶ 27.)  As in the original Complaint, however, the FAC does not allege that any foreclosure activity has taken place, let alone that a trustee's deed upon sale has been recorded.  Nor do Plaintiffs dispute Defendants' representation to the court that no foreclosure activity, including the recording of a notice of default, has occurred.  Plaintiffs once again ignore Defendants' arguments and make no mention of the Section 2924.12(c) bar. Plaintiff's California Civil Code section 2923.7 claim is therefore dismissed with prejudice.

B.   California Civil Code § 2924.10

Plaintiffs' claim under California Civil Code section 2924.10 suffers, as it did in Plaintiffs' original Complaint, from the same deficiency.  As they did in their original Complaint, Plaintiffs

allege that Defendants did not provide them with a written acknowledgment of the loan modification application. (FAC ¶ 33.) California Civil Code section 2924.10 requires mortgage servicers to provide written acknowledgment of a borrower's modification application within five business days of receipt.  Cal. Civ. Code § 2924.10(a).  Once again, however, Plaintiffs continue to ignore Defendants' arguments and California Civil Code section 2924.12(c). Absent any allegations of foreclosure activity, Plaintiffs' California Civil Code section 2924.10 claim is dismissed with prejudice.

    C.   Negligence

    As in their original Complaint, Plaintiffs allege a cause of action for negligence against Defendants. (FAC ¶¶ 36-51.)  The elements of a negligence claim are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages.  Merrill v. Navegar, Inc., 26 Cal.4th 465, 500 (2001). The "existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1095 (1991).

    "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark, 231 Cal. App. 3d at 1096.  "[A] loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money." Lueras v. BAC Home Loans Servicing, LP, 221 Cal. App. 4th 49, 67 (2013).  Thus, a residential lender

1  does not owe "a common law duty of care to offer, consider, or

2  approve a loan modification, or to explore and offer foreclosure

3  alternatives." Id.

4      Nevertheless, "Nymark does not support the sweeping conclusion

5  that a lender never owes a duty of care to a borrower. Rather, the

6  Nymark court explained that the question of whether a lender owes

7  such a duty requires the balancing of the 'Biakanja factors.'"

8  Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941,

9  945 (2014) (internal alterations, quotations, and citations

10 omitted).[2]  For instance, "a lender does owe a duty to a borrower

11 to not make material misrepresentations about the status of an

12 application for a loan modification . . . ." Lueras, 221 Cal. App.

13 4th at 68.  Likewise, "where defendants allegedly agree[] to

14 consider modification of the plaintiffs' loans, the Biakanja

15 factors clearly weigh in favor of a duty." Alvarez v. BAC Home

16 Loans Servicing, L.P., 228 Cal. App. 4th at 948.

17      The Biakanja factors are: "[1] the extent to which the

18 transaction was intended to affect the plaintiff, [2] the

19 foreseeability of harm to him, [3] the degree of certainty that the

20 plaintiff suffered injury, [4] the closeness of the connection

21 between the defendant's conduct and the injury suffered, [5] the

22 moral blame attached to the defendant's conduct, and [6] the policy

23 of preventing future harm." Biakanja v. Irving, 49 Cal. 2d 647, 650

24 (1958); see also Nymark, 231 Cal. App. 3d at 1098 (applying the

25 Biakanja factors in determining whether a financial institution

26 owed a duty to a borrower-client).

27

28      [2] Biakanja v. Irving, 49 Cal.2d 647 (1958).

1    In <u>Lueras</u>, the plaintiff alleged that defendants, the lender

2    and trustee, "had a duty to offer [him] a loan modification and

3    breached that duty by refusing to do so." <u>Lueras v. BAC Home Loans</u>

4    <u>Servicing, LP</u>, 221 Cal. App. 4th 49, 63 (2013). The Court of Appeal

5    disagreed and held that the <u>Biakanja</u> factors did not support

6    imposing a duty. <u>Id.</u> at 67.  It reasoned that "[i]f the

7    modification was necessary due to the borrower's inability to repay

8    the loan, the borrower's harm, suffered from denial of a loan

9    modification, would not be closely connected to the lender's

10   conduct." <u>Id.</u> Likewise, "[i]f the lender did not place the borrower

11   in a position creating a need for a loan modification, then no

12   moral blame would be attached to the lender's conduct." <u>Id.</u>

13   In <u>Alvarez</u>, in contrast, the plaintiffs did not allege "that

14   defendants owed plaintiffs a duty to offer or approve a loan

15   modification." <u>Alvarez</u>, 228 Cal. App. 4th at 944.  Instead, they

16   alleged that the defendant undertook to review the plaintiffs'

17   loans for a modification. <u>Id.</u> at 944. The plaintiffs further

18   alleged that the defendants breached that duty by, inter alia,

19   mishandling the application and failing to review it in a timely

20   manner.  <u>Id.</u> at 945.  The plaintiffs argued that because the

21   defendants agreed to consider the loan modification application,

22   the defendants owed the plaintiffs a duty to "exercise reasonable

23   care in [their] review." <u>Id.</u>  The Court of Appeal agreed.  <u>Id.</u> at

24   948.  Applying the <u>Biakanja</u> factors, the court reasoned that (1)

25   "[t]he transaction was intended to affect the plaintiffs," (2) "it

26   was entirely foreseeable that failing to timely and carefully

27   process the loan modification applications could result in

28   significant harm to the applicants[,]" (3) "the plaintiffs alleged

7

1  the mishandling of their application caused them loss of title to

2  their home among [and] deterrence from seeking other remedies . .

3  .[,]" (4) the mishandling of the documents deprived Plaintiff of

4  the possibility of obtaining the modification, (5) the plaintiffs

5  had little ability to protect their interests because "the bank

6  holds all the cards[,]" (6) the California Homeowner Bill of Rights

7  "demonstrates a rising trend to require lenders to deal reasonably

8  with borrowers in default to try to effectuate a workable loan

9  modification." Id. at 948-50 (internal quotations and citations

10 omitted).

11      As explained in this Court's prior Order, California district

12 courts, like California state courts, have reached differing

13 conclusions regarding whether a duty of care exists in the loan

14 modification context.  See, e.g., Griffin v. Green Tree Servicing,

15 LLC, No. CV 14-09408 MMM, 2015 WL 10059081 at *14 (C.D. Cal. Oct.

16 1, 2015) (noting split and concluding no duty exists); see also

17 Robinson v. Bank of Am., No. 12-CV-494-RMW, 2012 WL 1932842, at *7

18 (N.D. Cal. May 29, 2012); Ansanelli v. JP Morgan Chase Bank, N.A.,

19 No C 10-3892 WHA, 2011 WL 1134451, at *7 (N.D. Cal. Mar. 28, 2011);

20 Watkinson v. MortgageIT, Inc., No. 10-CV-327-IEG, 2010 WL 2196083

21 (S.D. Cal. June 1, 2010); Garcia v. Ocwen Loan Servicing, LLC , No.

22 C 10-290 PVT, 2010 WL 1881098, at *1-3. (N.D. Cal. May 10, 2010).

23 In dismissing Plaintiff's original Complaint, this court observed

24 that Plaintiffs failed to discuss how the specific facts of this

25 case apply to the Biakanja factors, and that the court could

26 therefore not conclude that MGC owed Plaintiffs a duty of care.

27 (Order at 8-9.)

28

1    MGC argues once more that this court should follow <u>Lueras</u>
2    rather than <u>Alvarez</u>, and contends that all six <u>Biakanja</u> factors
3    weigh against the finding of a duty under the circumstances here.
4    (Mot. at 6-8.) Plaintiffs, represented by counsel, assert the
5    opposite.  (Opposition at 12.)  Although Plaintiffs identify the
6    relevant factors, their opposition only argues that the first and
7    second factors, namely the extent to which the transaction was
8    intended to affect the plaintiffs and the foreseeability of harm to
9    them, weigh in favor of a duty.  (<u>Id.</u> at 12:21-25.)

10    With respect to those two factors, Defendants' arguments are
11    not compelling.  Defendants contend that California Civil Code
12    section 2923.6(a) "encourages loan modifications only if
13    '[a]nticipated recovery under the loan modifications or work-out
14    plan exceeds the anticipated recovery through foreclosure on a net
15    present value basis." (Opp. at 7:1-3.) Defendants argue that,
16    based on this language, mortgage modifications are not intended to
17    affect the Plaintiffs because the "end aim" of mortgage
18    modifications is to maximize returns to the lender.  (Mot. at 7:4-
19    5.)  The full statute, however, reads:

> [a]  The Legislature finds and declares that any duty
> that mortgage servicers may have to maximize net present
> value under their pooling and servicing agreements is
> owed to all parties in a loan pool, or to all investors
> under a pooling and servicing agreement, not to any
> particular party in the loan pool or investor under a
> pooling and servicing agreement, and that a mortgage
> servicer acts in the best interests of all parties to the
> loan pool or investors in the pooling and servicing
> agreement if it agrees to or implements a loan
> modification or workout plan for which both of the
> following apply:
>
> (1) The loan is in payment default, or payment default is
> reasonably foreseeable.
>
> (2) Anticipated recovery under the loan modification or

workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

Cal. Civ. Code § 2923.6. Read in its entirety, the statute does not establish that the "end aim" of mortgage modification transactions is to benefit lenders, but rather specifies that servicers owe an equal duty to all investors in a loan pool and defines what constitutes "acting in the best interests of the loan pool parties."

As to Defendants' arguments regarding the second factor, Defendants mischaracterize the FAC. Defendants argue that the FAC alleges a foreseeable risk of foreclosure. (Opp. at 7:9-10.) While the FAC does allege that default and "imminent foreclosure" was one of the potential harms, the FAC also identifies "the disclosure of sensitive information . . . [and] a forestallment of Plaintiffs from looking sideways for other assistance with their loan." (FAC ¶ 44.) Although not a model of clarity, this paragraph does adequately allege that Defendants' acceptance of Plaintiffs' loan modification application foreseeably caused Plaintiffs to forego or abandon other efforts to meet their loan obligations while their modification application was pending.

Plaintiffs do not, however, oppose Defendants' arguments with respect to a majority of the Biakanja factors. Nor do Plaintiffs address Defendants' arguments that Alvarez is distinguishable on its facts. (Motion at 11.) Notably, and as discussed above, Plaintiffs have not alleged that any foreclosure activity, including the recording of a notice of default, has taken place here. This fact, unlike the situation in Alvarez, bears on the third, fourth, and fifth Biakanja factors and weighs against the

imposition of a duty.  Furthermore, and unlike the plaintiff in Alvarez, Plaintiffs here do not allege that Defendants mishandled their loan application or otherwise erred in the processing of the application.  Indeed, the only wrongful conduct alleged in the negligence cause of action, apart from the inapplicable section 2923.7 and 2924.10 claims described above, appears to be that "Defendant forced Plaintiffs into delinquency by denying them a loan modification wrongly and without explanation." (FAC ¶ 46.) But, even assuming Defendants owed Plaintiffs a duty of care, California Civil Code section 2923.4 states that although the purpose of the California Homeowner Bill of Rights ("HBOR") is to ensure that borrowers are considered for loss mitigation options such as loan modifications, "[n]othing in the act . . . shall be interpreted to require a particular result of that process." Cal. Civ. Code § 2923.4.  Thus, the mere denial of Plaintiffs' modification application could not have constituted a breach of any duty MGC might have owed to Plaintiffs.

Given the differences between the facts alleged here and those in cases such as Alvarez, along with Plaintiffs' failure to address Defendants' arguments regarding the majority of the relevant factors, the court cannot conclude that Defendants owed Plaintiffs a duty of care.  Plaintiffs' negligence claim is, therefore, dismissed.

D.   Unfair Business Practices

Plaintiffs concede that their claim for unfair business practices under California Business and Professions Code Section 7200 is predicated on their claims for negligence and HBOR violations under sections 2923.7 and 2924.10.  (Opp. at 15-21.)

11

1  Because those claims must be dismissed, as discussed above, so too
2  must Plaintiff's unfair business practices claim.

3  **III. Conclusion**

4      For the reasons stated above, Defendants' Motion to Dismiss is
5  GRANTED.  Plaintiffs' FAC is DISMISSED, with prejudice.

IT IS SO ORDERED.

Dated: September 29, 2016

                              DEAN D. PREGERSON
                              United States District Judge